IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
OF ILLINOIS



FILED
MAY 3 0 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>-vs- )<br>)<br>CHRISTOPHER M. HODGES, )<br>)<br>Defendant/Petitioner. )<br>_____) | Case No. 99-CR-40038<br><br>Petition to Modify or Reduce or Correct Sentence Pursuant to Title 18 U.S.C. 3582 and USSG. 2D1.1 |

### PETITIONER'S MOTION TO MODIFY OR REDUCE OR CORRECT SENTENCE PURSUANT TO TITLE 18 U.S.C. 3582 AND U.S.S.G.2D1.1 OF THE RETROACTIVITY OF THE CRACK COCAINE AMENDMENT 706 & 711

**COMES NOW**, the petitioner, Christopher M. Hodges hereby herein submit this petition upon the Honorable Court without the benefit of undersigned counsel, but in want of counsel, make a general appearance upon the Honorable Court, respectfully request that the Honorable Court grant the above petition thereby lowering his guideline by two level due to the retroactivity of crack Amendment 706 and 711.

**JURISDICTION:**

This court has jurisdiction to entertained the above petiton in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC 994 (o), upon the motion of the defendant, the director of the

Bureau of Prisons, or on its own motion, this court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. §3582(c)(2).

**BACKGROUND:**

On or about April 22, 1999, the petitioner was indicted along in a one count indictment by a grand jury presiding in and for the Central District of Illinois for conspiracy to distribute and knowingly and intentionally possess with the intent to distribute cocaine base, in violation of Title 21 U.S.C. §841(a)(1) and §846.

On or about July 8, 1999, the petitioner entered into a plea agreement thereby changing his plea from not guilty to guilty and a sentencing date was set for January 7, 2000.

On or about January 7, 2000, the petitioner appeared before the Honorable Court for sentencing. Petitioner was sentenced to 360 months followed by five years supervised release. A timely notice of appeal was filed on behalf of the petitioner by attorney Suzanne D. Strater. Thus, the Court of Appeals affirmed the lower court's ruling on July 30, 2001.

**Retroactivity of Amendment 706 and 711:**

On or about March 13, 2007, the Sentencing Commission decided to level the crack table pursuant to U.S.S.G.§2D1.1 by two level which would take affect on November 1, 2007. On or about December 11, 2007, the Commission voted to give retroactive

effect as of March 3, 2008, to the Amendment to the crack cocaine guideline, and also voted to amend §1B1.10(c) to Amendment 706 and 711.

**ADDITIONAL DOWNWARD DEPARTURES BEYOND THE TWO LEVELS MAY BE WARRANT:**

Petitioner pleaded to distributing 500 grams of cocaine base as part of his plea agreement, however, the court held the petitioner to distributing 1.5 kilograms of cocaine base thereby sentencing petitioner to level 38 category V as oppose to level 36 category V. The court impose a two level enhancement pursuant to 2D1.1 for a firearm, and two level enhancement for obstruction of justice.

Petitioner's guideline range was level 42 category five which yield a sentence of 360 months to life. The sentencing court sentenced petitioner to 360.

Petitioner now argues that since the guidelines are no longer mandatory but advisory, the court could consider other factors to lower petitioner's guideline range even lower then the two level, such as:

**POST CONVITION REHABILITATIVE EFFORTS:**

The successfully completion of petitioner's post conviction rehabilitative efforts since his arrest and incarceration. The resentencing court may take into effect petitioner's programs that he has successfully completed pursuant to Title 18 U.S.C. §3553(a). Therefore, the court may give a 20% reduction from the bottom of the..amended guideline range for rehabilitative efforts.

**AMENDMENT 698:**

The court may also consider lowering petitioner's guideline range even further thereby considering Amendment 698 whereas Amendment 698 states that for extraordinary and compelling reason under substection (A)(i) that if a defendant is suffering from a terminal illness or (A)(ii) that the defendant is suffering from a permanent physical or medical condition.

Petitioner states that before and during his sentencing, he made it known to the Honorable Court that he was suffering with the terminal illness or medical condition known as (Aids) or (HIV).

Therefore, the sentencing court could take into consideration that the petitioner's medical condition does meet the criteria under Amendment 698 to warrant a furtherance departure.

**Apprendi v. New Jersey:**

Petitioner states that while his appeal was pending, the United States Supreme Court handed down its ruling in **Apprendi v New Jersey, 147 L.Ed.2d 435 (2000)**, which was made retroactive to all pending cases. The court would know that petitioner's appeal was affirmed on July 30, 2001. A year after the ruling in **Apprendi** was handed down. At the time of petitioner's appeal, **Apprendi** was retroactive to petitioner but attorney Suzanne D. Strater did not amend petitioner's appeal, nor did she supplement her appeal with **Apprendi**. Had counsel for the defense amended her appeal with the Supreme Court's ruling in **Apprendi**, the petitioner would have benefit from that ruling because petitioner met both criteria of

**Apprendi**, such as petitioner's sentence was more then 20 years which petitioner had a 30 years sentence, and two that petitioner only was charged in a one count indictment. The courts has stated even does a defendant may be serving a sentence of 30 years, he may not benefit from the ruling of **Apprendi** if he has more then one count. For example; if a defendant have been convicted of two counts, his statutory maximum would be 40 years and there would be no **Apprendi** violation. See <u>U.S v. Page</u>, 232 F.3d 536,543 (6th.cir. 2000).

Petitioner did raise his **Apprendi** claim in his 2255, however the government in its response argue that **Apprendi** was not retroactive to cases on collateral review, and this court accepted the government's argument thereby denying petitioner's §2255. Even does petitioner raise his **Apprendi** claim under ineffective assistance of counsel.

This court as well as the government erred in their response that **Apprendi** was not made retroactive to cases on collateral review. And the petitioner do not disagree with that holding, however, what the petitioner disagree with,.i.e., that while his case was pending before the Court of Appeals in 2001, he should have benefit from **Apprendi** retroactivity but do to his appellate counsel who failed to supplement her brief under 28(j) she denied petitioner his constitutional right to effective assistance of counsel at the appellate level due to her ineffectiveness which prevented petitioner from gaining the benefit of the retroactivity of **Apprendi** to all cases pending appellate review. Se <u>Ballard v United States</u>, 400 F.3d 404, 409 (6th.cir. 2005.

-5-

Similarly, the Supreme Court held in **Apprendi** that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. **Apprendi, 530 U.S.at 490, 120 S.Ct. 2348.**

The Seventh Circuit and other Circuits has interpreted **Apprendi** to apply to determinations of drug type and quantity. Failure to instruct the jury to determine both the type of drug, and the drug quantity involved in the conspiracy amounted to plain error. See **Ballard v. United States, 400 F.3d 404 (6th.cir. 2005), Nichols v. United States, 501 F.3d 542 (6th.cir. 2007),** also see **U.S v. Gholson,** 2005 U.S..Dist. Lexis 7752 (February 14, 2005).

In **Ballard** who also alleged that she was denied her constitutional right to effective assistance of counsel at the appellate level due to counsel's failure to raise her **Apprendi** claim on direct appeal. The district court denied her ineffective assistance of counsel claim insofar as to her §2255, but the Court of Appeals agree that she was denied her constitutional right to effective assistance of counsel thereby reversing the lower court ruling and remanding for resentencing.

Therefore, since it was the court who error in denying petitioner's §2255 which alleged a **Apprendi** violation based on counsel deficient performance at the appellate level due to counsel's failure supplement her appellate brief with **Apprendi** when **Apprendi** was made retroactive to all pending cases. This constitute deficient performance by appellate counsel at the appellate level.

-6-

**Amendment 709:**

Petitioner contends that since amendment 706 was made retroactive on March 3, 2008 thereby lowering the crack cocaine level by two, this court could now consider amendment 709 because 709 was enacted into law by the Sentencing Commission on November 1, 2007 whereas, the Commission stated that certain misdemeanors will no longer be counted in the criminal history under 4A1.1 (a)(b)(c) or (d).

Here, in the present case, petitioner was given criminal history points for certain misdemeanors he had receive under state law pursuant to 4A1.1(c) and (b) where petitioner receive less then a year. For instant petitioner receive one point under 4A1.1 (c) for criminal trespassing where he only receive 30 days, and another point under 4A1.1 (c) for possession of a controlled substance where he receive 120 days. In according to amendment 709 all misdemeanors convictions where a defendant receive less then a year will no longer to counted in the criminal history category.

Therefore, since amendment 706 and 711 was made retroactive to all crack cases on March 3, 2008, this court can revisit or reopen the sentence of the petitioner thereby considering amendment 709 as advisory instead of mandatory.

In addition, §3582(c)(2) requires sentencing courts to consider all applicable §3553(a) factors. The Supreme Court recently said that the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant to

-7-

a sentencing decision. See **Gall v. United States, 128 S.Ct. 586 591 (2007).** Given this relevant, the sentencing court is free under §3582(c)(2) to consider not only the retroactivity of the crack amendment 706 and 711, but amendment 709, post conviction rehabilitative efforts, and **Apprendi** as well since the Guidelines is advisory and not mandatory.

The petitioner's sentence should reflect criminal history category III level 32, 151-188 or 188-235 if the court consider the above factors that are set forth above. The court might even take into consider U.S.S.G. §5k2.0 or amendment 698 whereas the court may impose a sentence outside the range established by the applicable guideline, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

## CERTIFICATION OF SERVICE

I, the petitioner, Christopher M. Hodges hereby herein certified that true and correct copy of the foregoing petition has been served upon the Honorable Court of Clerk, for the United States District Court, for the Central District of Illinois, 211 19th Street, Rock Island, Illinois 61201, by the delivery of the United States Postage Service, this 27 day of May, 2008.

RESPECTFULLY SUBMITTED

/S/ CHRISTOPHER M. HODGES
F.R.N. 12302-026
FCC FORREST CITY
P.O. BOX 9000-LOW
FORREST CITY, AR 72336

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

-vs-

                                              Case No. 99-CR-40038

CHRISTOPHER M. HODGES,

    Defendant/Petitioner.

## MOTION FOR APPOINTMENT OF COUNSEL

**COMES NOW**, the petitioner, Christopher M. Hodges hereby herein submit this petition upon the Honorable Court without undersigned counsel, but in want of counsel made a general but not a special appearance upon this court, respectfully request that the Honorable Court grant the above motion in its entirety thereby appointing counsel for the petitioner to represent his petition under Title 18 U.S.C. §3582(c)(2) insofar as to the retroactivity of amendment 706 and 711 due to the Sentencing Commission agreed to lower the crack cocaine table by two level.

## CERTIFICATION OF SERVICE

I, the petitioner, Christopher M. Hodges hereby herein certified that a true and correct copy of the foregoing pleadin has been served upon the Honorable Court of Clerk, for the United States District Court, for the Central District of Illinois, 211 19th Street, Rock Island, Illinois 61201, by the delivery of the United States Postage Service, this 27 day of May, 2008.

RESPECTFULLY SUBMITTED

/ S / CHRISTOPHER M. HODGES
F.R.N. 12302-026
FCC FORREST CITY
P.O. BOX 9000-LOW
FORREST CITY, AR 72336