**E-FILED**
Sunday, 22 June, 2008  09:14:19 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 99-40038 |
| CHRISTOPHER M. HODGES, ) | |
| Defendant. ) | |

## O R D E R

On May 30, 2008, Defendant filed a Motion to Reduce Sentence based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Court appointed the Federal Defender's Office to represent Defendant in this matter.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10 comment. n. [1(A)].

The Defendant was sentenced by this Court on January 7, 2000, to a sentence of 360 months. At sentencing, Defendant's Base Offense Level was 38 because he was held responsible for more than 1.5 kilograms (74.5 kilograms) of crack cocaine. That level was increased by two levels because Defendant possessed a gun and two additional levels because he obstructed justice, for a total offense level of 42. With a criminal history category of V, his guideline range was 360 months to life. Under the crack amendment, his base offense level would be reduced to 36, but with the enhancements for the weapon and obstruction of justice, his total offense level would be 40. However, his sentencing guideline range based upon his criminal history category of V would remain at 360 months to life. Accordingly, the amendment does not lower the Defendant's sentencing range as required for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Therefore, the Deputy Federal Defender's Motion to Withdraw as Counsel [Doc. #53] is GRANTED. Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than July 17, 2008, a pleading that either (a) concedes that the Amendment does not apply because his sentencing range remains the same, or (b) explains why the Amendment applies despite the absence of any lowering of his sentencing range by the crack amendment.

ENTERED this   20th   day of June, 2008.

                                                  s/Joe B. McDade
                                            JOE BILLY McDADE
                                    United States District Judge