

FILED
JUL 7 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>V.<br><br>ANTHONY COWAN,<br>    Defendant. | No. 95 CR 40038<br>Hon. Michael Mihm<br>United States Chief Judge<br>Presiding |

### RESPONSE TO MOTION TO WITHDRAW AS COUNSEL

COMES NOW the Defendant Anthony Cowan, pro-se, respectfully contending that undersigned Counsel William C. Zukosky's conclusion that the Defendant is ineligible for a two point reduction pursuant to Amendment 706 is flawed.

1. Pursuant to Administrative Order 08-U-0005, this Court appointed Counsel to represent the Defendant on his request for a reduced sentence pursuant to the Retroactive Amendment to the Crack Cocaine guidelines.

2. Undersigned Counsel states that he has thoroughly reviewed the Defendant's case, has conducted extensive and continuing research, and has concluded once again that the Defendant is ineligible for a sentence reduction due to the now advisory provisions of §3B1.1 and §3C1.1.

3. Again, the Defendant disagrees with Counsel, and states that the Court should allow undersigned Counsel to withdraw as Counsel for the record and reassign new Counsel for the following reasons:

4. Counsel's position fails to take into account that the Supreme Court in **Stinson v. United States**, 508 U.S. 36, 38 at 44 (1993) rejected the notion that policy statements and other commentary should be viewed as construing the statutes the Commission administers so §1B1.10 cannot cabin the Court's discretion.

5. The Court can now take into consideration a wide range of factors when considering whether a reduction is warranted under §3553(a) pursuant to §3582 because the guidelines are now advisory. See **Booker**, quotations omitted.

6. The Court should in deciding whether or not to grant the Defendant's motion for two points reduction look to the First Circuit Court of Appeals for guidance. The Court of Appeals there when faced with the career offender provision held that the lesson from the Supreme Court's recent decision in **Kimbrough** is that "district judges may deviate from the guidelines even on the basis of categorical policy disagreements with it's now advisory provisions". (**United States v. Boardman, 1st Cir. No. 07-1030, 6/11/08**). The lesson gleaned there is that §3B1.1 and §3C1.1 provisions should not be allowed to keep the Defendant from receiving a reduction in his sentence. Also see **U.S. v. Forty Estremera, 498 F.Supp.2nd 468 (1st Circuit 2007)**.

There the Court was faced with the exact same situation as the Defendant's and it held that "District Courts are now

2

endowed with the discretion to obviate Application Note 2 of Section 1B1.10(b) of the Guidelines". Id at 472 in regards to provisions §3B1.1 and §3C1.1.

7. The Defendant does not wish to waste Judicial Resources and is willing to forego any hearing, provided he can reach an agreement with Counsel, the Presentence Officer, and the Prosecutor, but states for the record that contrary to undersigned Counsel Zukosky's assertions, Defendants in the Seventh Circuit have received hearings, even federal prosecutors have requested hearings. (**See Case Number 4:95-CR-040037 Wayne Branigan (Defendant's brother) hearing for two point reduction is scheduled for 10 a.m. August 1, 2008 and United States v. United States v. Wiley Johnson, Case Number 2:02-CR-44 Northern District of Indiana**) to resolve issues concerning §3582 motions.

8. The Commission changed the Crack Levels because it over-represented the seriousness of the offense.

9. Because it was noted to only affect the majority of blacks and undermine the public's trust and faith in the Judicial system.

10. The Sentencing Commission noted that the two level reduction was an interim solution and still resulted in sentences five to six times higher than powder cocaine. It further noted that the solution had flaws and would be a work in progress.

So it would be incorrect to hold as undersigned Counsel would have it that the Chairman of the Sentencing Commission,

Mr. Ricardo H. Hinojosa, would have the provisions of §1B1.10(b)(2) prevent the Court from granting the two point reduction in a case where it obviously is needed to rectify some of the damage an unjust sentence has caused in the Defendant's life.

11. The Defendant willingly left the alleged conspiracy and changed his life, becoming a productive citizen.

12. The Defendant raised the crack issue on appeal and in his §2255 in varied ways, seeking relief from the Crack Cocaine provision of 100 to 1 ratio showing due diligence.

13. Obstruction of Justice actually has it's own statute, 18 U.S.C. §1510 (b)(1)(C) and (b)(2)(A) and therefore since it was only utilized through the guidelines, thus it should be treated as advisory only as opposed to binding in a statutory sense, as it would be if utilized through 18 U.S.C. §1510 (b)(2)(A). See **Stinson v. United States**, 508 U.S. 36, 38 (1993). The statute trumps the Policy Statement.

14. Now that §3B1.1 is a discretionary tool, the Court doesn't have to find beyond a reasonable doubt in the Defendant's favor to provide for a just sentence. (See Sentencing Transcripts, pg. 24).

15. The Court expressed displeasure based on the manner the Base Offense Levels were determined in cases such as the Defendant's. (See attachments: Sentencing Transcripts, pg. 39-41).

4

## CONCLUSION

The Court should exercise it's Authority to allow staff attorney William C. Zukosky to withdraw as Counsel and appoint new Counsel so that the Defendant's Motion for the two point reduction is properly addressed in light of the following factors listed above.

**WHEREFORE**, the Defendant prays this Honorable Court grant his motion, and removes undersigned Counsel William C. Zukosky as Counsel for the Record.

Respectfully Submitted,

*/s/ Anthony Cowan*
Anthony Cowan

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008 I filed the foregoing Response to Motion to Withdraw with the Clerk of the Court using the Mailing System provided here at Greenville F.C.I.

Clerk of the Court
  Room 40
Federal Building
211 19th Street
Rock Island, IL 61201

*/s/ Anthony Cowan*
Anthony Cowan

Anthony Cowan  #18202-018
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

5