## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 99-40038 |
| CHRISTOPHER M. HODGES, | ) ) ) |
| Defendant. | ) |

### **O R D E R**

On June 20, 2008, the Court entered an Order (Doc. 54) finding that Defendant was ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) due to amendment of the crack cocaine guideline because under both his original and amended guideline, his base offense level would be the same since he was held accountable for more than 4.5 kilograms of crack cocaine. For that reason, the Court granted the Federal Defender's Motion to Withdraw as Defendant's attorney but allowed Defendant to file *pro se* a written response explaining why the crack cocaine amendment applied to him despite the fact that the amended crack cocaine guideline would not produce a reduction in his sentencing range because of the large quantity of drugs charged to him.

Defendant filed his response to the June 20, 2008, Order on July 7, 2008 (Doc. 58). Having considered Defendant's Response, the Court would ratify its ruling of June 20, 2008, that Defendant is not eligible for a sentence reduction pursuant to § 3582(c)(2), and his motion is denied with prejudice.

The gist of Defendant's opposition to the Court's ruling is his argument that his sentence must be modified to reflect the spirit of the retroactive amendment of the crack cocaine guideline which opened the door for the Court to consider all possible grounds for a reduction in his sentence, including redetermination of his criminal history category and his medical condition. In short, Defendant's contentions reflect the current state of sentencing guidelines jurisprudence as interpreted in United States v. Booker, 543 U.S. 220 (2005) making the guidelines advisory only,

and subsequent Supreme Court cases elaborating the ramifications of <u>Booker</u> such as <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007); <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007); and <u>Gall v. United States</u>, 128 S. Ct. 586 (2007).  As argued by Defendant in his response, if he is eligible for a sentence reduction under the crack cocaine amendment, he would be entitled to resentencing in consideration of all the factors set forth in 18 U.S.C. § 3553(a) of which his sentencing guideline range is only one of the factors, and a non-binding one at that.  However, as explained in the Order of June 20, 2008, Defendant is not eligible for a sentence reduction.

As an aside, Defendant presses his argument that the holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) should have applied to him because his case was on appeal when <u>Apprendi</u> was decided; and if applied to his case, the drug quantity attributable to him would be less thereby reducing his base offense level and lowering his sentencing guideline range.  The Court does not have jurisdiction in these proceedings under 18 U.S.C. § 3582(c)(2) to consider this contention.

For the foregoing reasons, Defendant's motion for a sentence reduction pursuant to § 3582(c)(2) is denied with prejudice.  Case terminated.


ENTERED this   10th   day of July, 2008.


                                                            s/Joe B. McDade
                                                        JOE BILLY McDADE
                                         United States District Judge